**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN FRANCISCO BERNABE, | No. 10-73754 |
| Petitioner, | BIA-1:A092-404-759 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Argued and Submitted June 6, 2014
Pasadena, California

Before: FISHER and MURGUIA, Circuit Judges, and BATTAGLIA, District
Judge.**

Juan Francisco Bernabe ("Bernabe"), a native and citizen of Guatemala,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

denying his untimely motion to reopen based on changed country circumstances.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA conducted a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

*de novo* review rather than expressly adopting the IJ's decision as its own, we review only the BIA's decision. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). Reviewing for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), we deny in part and grant in part the petition for review, and remand for further proceedings.[1]

First, we reject Bernabe's contention that the BIA applied the incorrect legal standard when determining whether he presented a material change in country conditions in Guatemala sufficient to warrant an exception to the ninety-day time limit applicable to motions to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (requiring that a petitioner show a material change in country conditions, and that such evidence was not available or could not have been discovered or presented at the previous hearing to file a motion to reopen after the ninety-day time limit). Bernabe contends that *Malty*, cited in the BIA's opinion, is inapposite because he is alleging a new source of persecution rather than a continuance of circumstances. However, the standard set forth in *Malty* is not limited to cases wherein a petitioner produces evidence of persecution that was related to the initial claim. Instead, "[i]n *Malty v. Ashcroft*, we held that in order for evidence to be 'material,' 'not

_____

[1] Because the parties are familiar with the facts and procedural history we do not restate them here except as necessary to explain our decision.

available,' and not able to have 'been discovered or presented at the previous hearing,' it must be 'qualitatively different' from the evidence presented at the previous hearing." *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty*, 381 F.3d at 945–46). This standard applies equally to allegations of new persecution or to a continuance of circumstances. Therefore, the BIA applied the correct legal standard.

However, the BIA abused its discretion by failing to provide a reasoned explanation for finding that the 2005 and 2009 State Department reports did not support Bernabe's contentions. Bernabe's motion to reopen was based on incidents of forced eviction of indigenous Mayans, criminalized social protests, and violence arising out of conflict over the development and resource extraction of land occupied by the indigenous Mayan people. The BIA, however, never addressed or even acknowledged any of these contentions. Instead, the BIA opinion merely block quoted generalized statements from the 2005 and 2009 State Department reports regarding indigenous peoples' underrepresentation in politics, limited educational opportunities, poverty, and experience of pervasive discrimination—none of which equated to Bernabe's actual allegations. Therefore, the BIA abused its discretion because it never squarely addressed Bernabe's contentions, i.e., that conditions in Guatemala had materially changed since 2005

3

as a result of forced evictions and the persecution of indigenous Mayans surrounding anti-mining social protest. *See*, *e.g.*, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005) ("[T]he Board must show proper consideration of all factors, both favorable and unfavorable, in determining whether to grant a motion to reopen, and must articulate its reasons for denying such a motion." (internal citation omitted)); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner.").

Moreover, some of the evidence submitted by Bernabe post-dated the 2009 State Department report. Therefore, although Bernabe has not rebutted the presumption that the BIA considered all the evidence, the BIA abused its discretion when it failed to analyze the *content* of the evidence, especially because the 2009 State Department report described incidents similar to incidents included in Bernabe's evidence. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (stating that it is well settled "that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions"); *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (finding that a petitioner attempting to establish that the Board violated his due process rights by failing to consider

4

relevant evidence must overcome the presumption that the Board did review all the evidence).

Finally, the BIA's citation to the IJ's decision did not incorporate the IJ's materiality finding. The BIA cited to and agreed with the IJ's decision *only* as to whether conditions in Guatemala had changed sufficiently to reopen proceedings, an issue it reviewed *de novo*.

Accordingly, we grant in part and deny in part the petition for review. We express no opinion on the merits of Bernabe's motion. Rather, we remand the petition to the BIA for it to consider Bernabe's argument and evidence, and to provide a reasoned explanation of its decision. Costs on appeal are awarded to petitioner. *See* Fed. R. App. P. 39(a)(4).

**PETITION FOR REVIEW DENIED IN PART; GRANTED AND REMANDED IN PART.**

5